FILED FEB 20 2024
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

v.

PRASAD MARGABANDHU
a/k/a Prasad Bandhu

Criminal No. 2-24-cr-43
**[UNDER SEAL]**

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Gregory C. Melucci and Shaun E. Sweeney, Assistant United States Attorneys for said District, submitting this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned four-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Bankruptcy Fraud<br>Beginning in and around March 2019, and continuing thereafter until in and around June 2022 | 18 U.S.C. § 157(3) |
| 2 | Mail Fraud<br>On or about<br>August 31, 2023 | 18 U.S.C. §§ 2 and 1341 |
| 3 | Conspiracy to Maliciously Destroy Property By Fire<br>From in and around early June of 2022 to on or about June 22, 2022 | 18 U.S.C. § 844(n) |
| 4 | Malicious Destruction of Property by Fire<br>On or about June 22, 2022 | 18 U.S.C. §§ 2 and 844(i) |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

In order for the crime of Bankruptcy Fraud, in violation of 18 U.S.C. § 157(3), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant devised a scheme to defraud;

2. That the defendant, for the purpose of executing such scheme to defraud, did knowingly make a false or fraudulent representation, claim, or promise, concerning or in relation to a proceeding under Title 11; and

3. That the defendant acted with the intent to defraud.

Title 18, United States Code, Section 157(3).

### B. As to Count 2:

In order for the crime of Mail Fraud, in violation of 18 U.S.C. § 1341, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

2. That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant used the mails, or caused the mails to be used.

Third Circuit Model Criminal Jury Instruction 6.18.1341.

### C. As to Count 3:

2

In order for the crime of Conspiracy to Maliciously Destroy Property By Fire, in violation of 18 U.S.C. § 844(n), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the Indictment;

2. That the defendant was a party to or member of that agreement; and

3. That the defendant joined the agreement or conspiracy knowing of its objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective to commit an offense against the United States.

> Authority: Third Circuit Model Criminal Jury Instruction 6.18.371A (revised to exclude overt act requirement).

**D.   As to Count 4:**

In order for the crime of Malicious Destruction of Property by Fire, in violation of 18 U.S.C. §§ 2 and 844(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant set a fire, or caused a fire to be set, in order to damage or destroy property.

> United States v. Barton, 647 F.2d 224 (2d Cir.); cert. denied, 454 U.S. 57 (1981); United States v. Hayward, 6 F.3d 1241 (7th Cir. 1993); 18 U.S.C. § 844(i).

2. That the defendant acted maliciously.

> United States v. Poulos, 667 F.2d 939 (10th Cir. 1982). See also 1 L.Sand, J. Siffert, W. Loughlin, S. Reiss, Modern Federal Jury Instructions, Instruction 30-2; 18 U.S.C. § 844(i).

3. That the property was used in interstate commerce or in an activity

3

affecting interstate commerce.

        Jones v. United States, 529 U.S. 848 (2000); Russell v. United States, 471 U.S. 858 (1985); United States v. Williams, 299 F.3d 250 (3d Cir. 2002).

## III. PENALTIES

**A.     As to Count 1: Bankruptcy Fraud (18 U.S.C. § 157(3)):**

1. A term of imprisonment of not more than five (5) years;

2. A fine not to exceed $250,000;

3. A term of supervised release of not more than three (3) years; or

4. Any or all of the above.

**B.     As to Count 2: Mail Fraud (18 U.S.C. § 1341):**

1. Individuals - The maximum penalties for individuals are:

    (a) imprisonment for not more than twenty (20) years;

    (b)    a fine not more than the greater of;

        (1)    $250,000 (18 U.S.C. § 3571(b)(3));

        or

        (2)    an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

    (c)    a term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559, 3583);

    (d)    Any or all of the above.

**C.     As to Count 3: Conspiracy to Maliciously Destroy Property by Fire (18 U.S.C. § 844(n)):**

1. Imprisonment for not less than five (5) years, but not more than twenty (20) years (18 U.S.C. §§ 844(n) and 844(i));

2. A fine not more than the greater of;

   (a) $250,000 (18 U.S.C. § 3571(b)(3));

   or

   (b) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years, 18 U.S.C. § 3583;

4. Any or all of the above.

**D. As to Count 4: Malicious Destruction of Property by Fire (18 U.S.C. §§ 2 and 844(i)):**

1. Imprisonment of not less than five (5) years, but not more than twenty (20) years, 18 U.S.C. § 844(i);

2. A fine of not more than the greater of either:

   (a) $250,000, 18 U.S.C. § 3571(b)(3);

   or

   (b) An alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process, 18 U.S.C. § 3571(d);

3. A term of supervised release of not more than three (3) years, 18 U.S.C. § 3583;

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts Two, Three and Four, together with any authorized penalty, as part of the defendant's sentence, pursuant to 18 U.S.C. §§ 3663A and 3664.

## VI. FORFEITURE

Not applicable in this case.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney


*s/Gregory C. Melucci*
GREGORY C. MELUCCI
Assistant U.S. Attorney
PA ID No. 56777


*s/Shaun E. Sweeney*
SHAUN E. SWEENEY
Assistant U.S. Attorney
PA ID No. 53568