**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

**UNITED STATES OF AMERICA,**

    **v.**

**PRASAD MARGABANDHU.**

**CASE NO. 2:24-cr-00043-CCW-1**

## DEFENDANT'S SENTENCING MEMORANDUM

AND NOW comes Defendant, Prasad Margabandhu, by and through his attorneys, Tina O. Miller, Esquire, and Casey White, Esquire, and submits this Sentencing Memorandum for the Court's consideration.

### I.    Introduction

Defendant Prasad Margabandhu is a 48-year-old resident of Western Pennsylvania who has entered a guilty plea to charges of bankruptcy fraud and mail fraud.  As reflected in the Presentence Investigation Report ("PSR"), Defendant and the government have entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), under which they have agreed to a within-Guidelines sentence of imprisonment of 36 months. Sentencing in this matter is scheduled for December 12, 2024.  Defendant respectfully requests that the Court accept the plea agreement and impose the agreed-upon sentence pursuant to Rule 11(c)(1)(C) because that sentence is consistent with the Sentencing Guidelines and 18 U.S.C. § 3553(a).

### II.    Legal Standard

A court should impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). In making its determination, a

court considers, among other things, the nature and circumstances of the offense, the history and characteristics of the defendant, the advisory Sentencing Guidelines, and the need to avoid unwarranted sentencing disparities. *Id.* Sentencing courts "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." *Gall v. United States*, 552 U.S. 38, 50 (2007). In considering whether a sentence is reasonable, courts must take into account the totality of the circumstances. *See, e.g., United States v. Kinney*, 659 F. App'x 111, 114 (3d Cir. 2016)(unpublished).

### III.   The Court Should Accept the Plea Agreement

In the plea agreement, the parties agreed, pursuant to Rule 11(c)(1)(C), that the appropriate sentence in this case is a term of imprisonment of 36 months.  The Court deferred its decision on acceptance of the plea agreement pending a review of the PSR.  The Defendant requests that the Court accept the plea agreement because the sentence is reasonable based on the totality of the circumstances, it is within the recommended Guideline range, and it is faithful to the § 3553 factors.

The policy statement set forth in U.S.S.G. §6B1.2(c)(1) indicates a court may accept a plea agreement that requires the imposition of a specific sentence  if "the agreed sentence is within the applicable sentencing guidelines range." In this case, the agreed sentence of 36 months is within the applicable sentencing guidelines range of 30-37 months. (PSR ¶ 112.) This court may therefore accept the plea agreement, pursuant to the Sentencing Guidelines, on that basis.

The Sentencing Guidelines also suggest a court can accept a plea agreement that provides for dismissal of some charges when the remaining charges of conviction "adequately

reflect the seriousness of the actual offense behavior and [therefore] accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines." U.S.S.G. §6B1.2(a). The government in this case has promised to dismiss the arson charges at Counts 3 and 4 of the Superseding Indictment as part of the plea agreement. This agreement should be accepted by the Court because the remaining charges Mr. Margabandhu pled guilty to—bankruptcy fraud and mail fraud—reflect the actual offense behavior as stipulated by the parties (PSR ¶ 21-29). Additionally, the agreed sentence is at the higher end of the applicable sentencing guideline range. For all of these reasons, accepting the plea agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines.

## IV.    Fines, Restitution, and Special Assessment

Defendant has paid his $200 Special Assessment. The parties have agreed to a restitution amount. (PSR ¶ 124.) Defendant requests that the Court not impose a fine in this case in light of the substantial restitution he must pay, in addition to the numerous civil judgments and liens filed against him. (PSR ¶ 109.)

## V.    Court Recommendations

Defendant respectfully requests that the Court make the following recommendations in the J&C:

- recommend that the BOP consider Defendant for admission to the Residential Drug & Alcohol Abuse Program while incarcerated;

- recommend Defendant's placement in the Nonresidential Drug & Alcohol Abuse Treatment Program, a 12-week Cognitive Behavioral Therapy treatment program designed for defendants who are awaiting RDAP placement;

- recommend that Defendant receive treatment for the mental health conditions set forth in paragraph 95 of the PSR; and

- recommend that Defendant be placed in a facility as close to Pittsburgh as possible that is within his security classification.

## VI.    <u>Conclusion</u>

For the foregoing reasons, Defendant respectfully requests that this Court accept the plea agreement and impose the agreed-upon sentence of 36 months incarceration.

Dated: December 5, 2024           Respectfully submitted,

<u>*/s/ Tina O. Miller*</u>
Tina O. Miller
PA ID No. 71101
COMBER MILLER LLC
300 Koppers Building
436 Seventh Avenue
Pittsburgh, PA  15219
412-894-1380
412-291-2109 (fax)
tmiller@combermiller.com

<u>*/s/ Casey White*</u>
Casey D. White
PA ID 207470
1000 Brooktree Road
Suite 110
Wexford, Pennsylvania 15090
(412) 995-3270
casey@caseywhitelaw.com

Attorneys for Defendant