IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>PRASAD MARGABANDHU )<br>  a/k/a Prasad Bandhu ) | Criminal No. 24-43 |

## **GOVERNMENT'S SENTENCING MEMORANDUM**

AND NOW comes the United States of America, by its attorneys, Eric G. Olshan, United States Attorney for the Western District of Pennsylvania, and Gregory C. Melucci and Shaun E. Sweeney, Assistant United States Attorneys for said district, submitting as follows:

PROCEDURAL HISTORY

On February 20, 2024, the defendant was charged in a multi-count original indictment with bankruptcy fraud, mail fraud, conspiracy to maliciously destroy property by fire, and the substantive offense of malicious destruction of property by fire. He was arrested, arraigned, and released on bond. Subsequently, a superseding indictment was filed in July, 2024, which added allegations to the Indictment language, but did not add new counts.

Soon afterwards, the parties engaged in plea discussions and reached an agreement whereby the defendant would agree to plead guilty to counts one and two (bankruptcy fraud and mail fraud), agree to make restitution, and agree to serve a sentence of 36 months incarceration. On September 16, the defendant entered a plea of guilty before this Honorable Court pursuant to a written plea agreement which included the terms referenced above. The Court ordered the preparation of a Presentence Report (ECF 61), which the United States incorporates herein, and set sentencing for January 14, 2025. By agreement, and with the Court's permission, the sentencing date was moved to December 12, 2024. The PSR was prepared and issued on November 26, 2024, and neither party raised any material objections or proposed modifications.

1

# THE DEFENDANT'S OFFENSE CONDUCT

The offense conduct is summarized in paragraphs 20-29 of the PSR. In sum, the Indictment alleges a two-fold scheme by the defendant to defraud a bankruptcy court and an insurance company. The first scheme detailed in Count One (bankruptcy fraud) began in early 2019 when, according to court records, the defendant acquired the building or about March 4, 2019 from a person named William J. Witting, III. At that time, Witting had defaulted on the mortgage held by a company called Wall Garage, and was in arrears on years of unpaid City of Pittsburgh real estate taxes. Both entities obtained state court judgments and proceeded to execute upon the building in a sheriff's sale.

The potential loss of the building in foreclosure caused the defendant to file a series of dubious "11th hour" Chapter 7 and Chapter 11 bankruptcy pleadings which claimed the building was an asset of the bankruptcy estate, and which triggered the automatic stay provisions of the bankruptcy code. The defendant's 3-year "shell game" in which he used entities called "Shane Tracy Enterprises" or "RSP Pittsburgh" to shield the building from creditors, collapsed in the spring of 2022. On April 21, 2022 at a bankruptcy hearing, the defendant was ordered by the Bankruptcy Court not to further transfer the building. The Bankruptcy Court determined that the defendant's repeated transfers of the asset in bankruptcy filings, solely to delay foreclosure, was an abuse of the bankruptcy system.

The second scheme detailed in Count Two of the Indictment alleged that the defendant made false statements to Rockingham Insurance Company in a fire loss claim for $900,000.00 in benefits under a commercial building insurance policy in which the defendant was a beneficiary. Specifically, in a sworn statement to Rockingham, the defendant lied to Rockingham by claiming he did not know who had caused the fire to the building, or why a truck registered to his name had been observed on video surveillance at the building shortly before the fire.

## THE USSG

The probation officer properly calculated a guideline range using the multiple count adjustment under §§3D1.4(a), (b) and (c). In sum, the counts of conviction were two distinct schemes perpetrated by the defendant, each with its own invidious aims and intended victims. The multiple count adjustments calculation properly applied the adjustments for misrepresentations in a bankruptcy fraud scheme, as well as a cross-reference enhancement from § 2B1.1 to § 2K1.4 because the insurance fraud involved an arson. See PSR paragraphs 35-54. The final offense level under the multi-count adjustment is 19.

Although the defendant has had several guilty pleas to misdemeanor charges since 2022, his criminal history score nevertheless resulted in a Category I.

## A STIPULATED SENTENCE OF 36 MONTHS INCARCERATION IS A SUFFICIENT SENTENCE AND ADDRESSES RELEVANT § 3553 FACTORS

Following negotiations, the parties reached a written plea agreement in which the defendant agreed to: enter a plea of guilty to Counts One and Two of the Indictment; acknowledge that the Probation Office could consider the conduct underlying Counts Three and Four in calculating the sentence; make restitution to the victims of both schemes; and, pursuant to Fed.R.Crim. P. Rule 11(c)(1)(C), serve a sentence of 36 months incarceration. The United States recommends that this Court accept the plea agreement and stipulated sentence because the sentence is within the applicable Guidelines range as calculated in the PSR, and satisfies the criteria set forth in 18 U.S.C. § 3553. See *Rule 11(c)(1)(C). Freeman v. United States, 131 S. Ct. 2685, 2692, 180 L. Ed. 2d 519 (2011)*; *United States v. Lawton, 2014 U.S. Dist. LEXIS 59020 (W.D. Pa.) (Apr. 29, 2014) citing, Hughes v. United States, 138 S. Ct. 1765, 201 L. Ed. 2d 72 (2018)*, ("*in the usual case the court's acceptance of a Type-C agreement and the sentence to be imposed pursuant to that agreement are 'based on' the defendant's Guideline range.*"); accord,

*United States v. Rosa-Robles 2024 U.S. Dist. LEXIS 20756 \*; 2024 WL 449389 (WDPA Feb. 26, 2024, Ranjan, J.)*

In this case, three of the § 3553(a) factors are especially applicable: the nature and circumstances of the offenses; just punishment, and deterrence. Clearly, the defendant's bankruptcy fraud scheme revealed a person determined to perpetrate a fraud on his creditors and the bankruptcy court system to prevent his creditors from lawfully recovering assets owed by the defendant to them. Likewise, his insurance fraud scheme was designed to conceal material information from an insurer in claiming insurance policy benefits. Both schemes also required the defendant to make false statements, to hide information, and ultimately, to steal. The schemes required a level of sophistication to manipulate the bankruptcy court and the insurance company.

The 36-month sentence also satisfies the "just punishment" required for this offender.[1] It is a "guideline" sentence, and the result of a negotiated plea in which the United States, by not demanding a plea to the arson-related Counts 3 or 4, agreed to accept a plea to two counts, and a sentence of incarceration at the higher end of the guideline range. The defendant also agreed to make restitution to the bankruptcy fraud victims and Rockingham Insurance.

Finally, the agreed-upon sentence of 36 months should serve as a deterrent to a person who, although encountering many run-ins with law enforcement (see PSR paragraphs 56-68)

---

[1] Although the defendant has zero criminal history points and might satisfy some or all of the criteria for a 2-point reduction in his offense level pursuant to §4C1.1, no sentence reduction is warranted here for at least two reasons. First, there is a recommended stipulated sentence which, for the reasons set forth above, is an appropriate sentence. Second, such a reduction would be a matter within the discretion of the Court, even if all of the §4C1.1 criteria are satisfied, and no such reduction should be given to this defendant under the circumstances of this case. See United States v. Alejandres, 2024 W.I. 1256302 (W.D. Pa. 2024); United States v. Williams, 2024 WL 1239989 (D.D.C. 2024); United States v. Kelly, 2024WL 1256302 (D.D.C.); and United States v. Kealoha, 2024 WL1202377 (D.HI 2024).

including some guilty pleas, will now finally be incarcerated for clearly the most serious of his crimes.[2]

CONCLUSION

For the aforesaid reasons, the United States requests that this Honorable Court accept the plea agreement and its terms, and sentence the defendant to 36 month incarceration, to make restitution, and to serve a period of supervised release.

Respectfully submitted,

ERIC G. OLSHAN
United States Attorney

*/s/ Gregory C. Melucci*
GREGORY C. MELUCCI
Assistant United States Attorney
PA ID No. 56777

*/s/ Shaun E. Sweeney*
SHAUN E. SWEENEY
Assistant United States Attorney
PA ID No. 53568

---

[2] Indeed, the defendant's legal troubles have continued resulting from his ownership and management of a nuisance bar in the Oakland section of Pittsburgh called the "Panther Pitt" where it is alleged the bar served underaged drinkers. *See* "*Owners of Shuttered Pitt Nuisance Bar Face Criminal Charges*" in Pittsburgh Tribune Review, Nov. 27, 2024.